# WILMERHALE

January 30, 2018

Hallie B. Levin

+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

The Honorable Judge P. Kevin Castel
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Presnall, et al. v. Analogic Corporation, et al.*, No. 17 Civ. 06662

Dear Judge Castel,

     We represent Analogic Corporation ("Analogic") and Oncura Partners Diagnostics, LLC ("Oncura") (together "Defendants") in the above-referenced action. We write in accordance with Rule 4(A) of this Court's Individual Practices to set forth our opposition to Plaintiffs' letter-request for leave to further amend their First Amended Complaint. *See* ECF. No. 40. We believe that Plaintiffs' proposed amendment would be futile for two, independently-sufficient reasons, as set forth below. Throughout this letter, we make reference to certain provisions of the parties' Merger Agreement, which has been submitted to the Court at ECF No. 38-1 in connection with Defendants' Partial Motion to Dismiss the First Amended Complaint.

     Federal Rule of Civil Procedure 15(a) provides that where leave of court is required for a party to amend its pleading, "[t]he court should freely give leave when justice so requires." Nonetheless, a "district court has broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). "[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment to a pleading is considered futile "if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

     Here, Plaintiffs' proposed amendment to add facts supporting a claim for breach of the Merger Agreement and Escrow Agreement cannot withstand scrutiny. *First*, by withholding the escrowed funds, Analogic was not acting in breach of the Merger Agreement and Escrow Agreement; rather it was exercising its contractual rights pursuant to those agreements to assert an indemnification claim and withhold escrowed funds accordingly. *Second,* as a matter of law, without resort to any disputable facts, Analogic's claim for indemnification is countenanced by the Merger Agreement and Escrow Agreement and does not constitute a breach.

     As to the first grounds, the governing provisions of the Merger Agreement make plain that withholding funds from the escrow is a contractual right to which Analogic is entitled. Indeed, *inter alia*, Section 8.4(b) of the Merger Agreement provides that the means for Analogic

WilmerHale

to collect damages for which it is entitled for indemnification under Section 8.1(a) is a claim pursuant to the Escrow Agreement for the Escrow Fund.  ECF No. 38-1 at 52.  Section 8.2(b) of the Merger Agreement provides that in order to seek indemnification, the Buyer (Analogic) shall deliver a Claim Notice to the Seller Representative.  ECF No. 38-1 at 50.  On January 5, 2018, Analogic delivered such a Claim Notice to the Seller Representative, which is attached as Exhibit 2 to Plaintiffs' pre-motion letter request to the Court.  *See* ECF No. 40-2.  Section 8.2(c) of the Merger Agreement further provides that within 30 days after delivery of the Claim Notice, the Seller Representative shall deliver a response to the Buyer.  ECF No. 38-1 at 51.  On January 11, 2018, the Seller Representative responded to the Claim Notice, disputing it in its entirety.  ECF No. 40-3.  The Merger Agreement goes on to provide, in Section 8.2(d), that any Dispute[1] shall be resolved in accordance with Section 13.10 of the Merger Agreement.  ECF No. 38-1 at 51.  That section, in turn, requires submission of the Dispute to the United States District Court for the Southern District of New York.  ECF. No. 38-1 at 82.  So while Plaintiffs assert in their proposed Second Amended Complaint that the Merger and Escrow Agreements were breached because Analogic did not submit a proper Claim Notice or execute a joint written instruction to release the Escrow Funds, *see* ECF No. 40-1, those allegations are belied by the very terms of the Agreements—which permit Analogic to submit a Claim Notice and withhold funds accordingly.

As to the second grounds of futility, as a matter of undisputed fact—based solely on the provisions of the Merger Agreement and the pleadings already filed in this Action—Analogic's claim for indemnification did not violate the Merger or Escrow Agreements.  Section 6.2(d) of the Merger Agreement provides that "the Company [Oncura] shall ensure that the Disclosure Statement does not contain any untrue statement of material fact or omit to state a material fact necessary in order to make the statements made therein, in light of the circumstances under which they were made, not misleading . . . ."  ECF No. 38-1 at 43.  And in Section 3.30 of the Merger Agreement, the Company (Oncura) represented and warranted that "[n]o representation or warranty by the Company contained in this Agreement, and no statement contained in . . . any . . . document . . . or other instrument delivered or to be delivered by or on behalf of the Company pursuant to this Agreement, contains or will contain any untrue statement of a material fact or omits or will omit to state any material fact necessary, in light of the circumstances under which it was or will be made, in order to make the statements herein and therein not misleading."  ECF No. 38-1 at 38.

Pursuant to Section 8.1(a) & 8.1(b) of the Merger Agreement, the Holders agreed to "defend and indemnify the Buyer in respect of, and hold it harmless against and . . . compensate

---

[1] "Dispute" means "the dispute resulting if the Seller Representative in a Response disputes the liability of the Holders for all or part of a Claimed Amount."  ECF No. 38-1 at 68.

and reimburse the Buyer for, any and all Damages[2] incurred or suffered by any Buyer Indemnified Party . . . resulting from, relating to or constituting:  any breach . . . of any representation or warranty of the Company contained in this Agreement . . . [or] any failure to perform any covenant or agreement of the Company . . . contained in this Agreement . . . ."  ECF No. 38-1 at 48.

As the Court is well aware, Plaintiffs have asserted in this action that, prior to the execution of the Merger Agreement, Analogic made specific fraudulent and negligent material misrepresentations regarding Analogic's plans for Oncura should the merger be consummated.  The First Amended Complaint alleges that these statements—about, *inter alia*, the provision of the Calisto (bk500), marketing personnel, full-time accounting personnel, and the equine market—were "material" to the Plaintiffs' decision to enter into the Merger Agreement.  ECF No. 28 ¶¶ 6, 155, 159, 166, 172.  As described in our prior submissions, and as the Disclosure Statement itself makes clear, the Disclosure Statement did not include *any* of the alleged specific representations that Plaintiffs now claim were material to their agreement to sell Oncura and that Analogic failed to live up to after the merger was consummated.  ECF No. 38-2 (Disclosure Statement/Information Statement).  The Disclosure Statement does not, for example, state that Analogic had promised to furnish Oncura with full-time accounting personnel, the Calisto (bk500), entrée to the equine market, or marketing personnel.  And indeed, it states the opposite: "You should not rely on any information or statements that are not contained in this Information Statement or the Exhibits hereto."  ECF No. 38-2 (Disclosure Statement/Information Statement) at 2.  Likewise, the Merger Agreement does not contain any of the specific statements that Plaintiffs now allege were material to their decision to enter into the transaction.

Because Plaintiffs now claim that such representations were material to the Merger Agreement (and its associated Key Employment Agreements), and because those representations were not set forth in the Merger Agreement or Disclosure Statement, then by definition the Company's obligations pursuant to Sections 3.30 and 6.2(d) of the Merger Agreement were not satisfied.  Plaintiffs represented, warranted and covenanted that there were *no* material statements omitted from the Disclosure Statement and Merger Agreement.  But in this action, Plaintiffs claim that Analogic **did** make specific, material statements (that it later failed to satisfy) on which they relied.  Plaintiffs cannot have it both ways.  By claiming fraud in the inducement, they *ipso facto* admit that their own representations, warranties and covenants were

---

[2] "Damages" as defined in the Merger Agreement "means any and all claims, debts, obligations and other liabilities (whether absolute, accrued, contingent, fixed or otherwise, or whether known or unknown, or due or to become due or otherwise), diminution in value, monetary damages, fines, fees, penalties, interest obligations, deficiencies, losses and expenses (including amounts paid in settlement, interest, court costs of investigators, fees and expense of attorneys, accountants, financial advisors and other experts, and other expenses of litigation, arbitration or other dispute resolution procedures)."  ECF No. 38-1 at 68.

January 30, 2018
Page 4

WilmerHale

not met.[3]  This is not a "litigation tactic" invented by Analogic.  It is the obvious consequence of the (unfounded and demonstrably false) allegations of fraud set forth in Plaintiffs' First Amended Complaint.

      For the foregoing reasons, Analogic respectfully requests that leave to further amend the First Amended Complaint be denied.  To be clear, Analogic does not deny, nor could it, that the Dispute about the withheld escrow funds should be adjudicated in the United States District Court for the Southern District of New York.  But Analogic does not believe that the current effort to amend the First Amended Complaint seeking to add claims for breach of the Merger Agreement and Escrow Agreement are a cognizable means of doing so.  Instead, Analogic will bring a counterclaim for indemnification in connection with its forthcoming pleading in response to the First Amended Complaint.  Should the Court wish Analogic to bring that claim in a separate, related action, we would do so at the Court's earliest convenience.

Respectfully Submitted,

*/s/ Hallie B. Levin*
Hallie B. Levin

cc:     All counsel of record via ECF

---

[3] Analogic's claim for indemnification arising out of undisclosed customer rights of return will necessarily involve disputed issues of fact, and thus is not addressed here.  But the mere fact that Analogic withheld funds from the escrow does not constitute a breach of the Merger or Escrow Agreements, for the reasons set forth at pages 1 and 2 above.