USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/18

1/26/18

# KASOWITZ BENSON TORRES LLP

1415 LOUISIANA STREET, SUITE 2100
HOUSTON, TEXAS 77002

(713) 220-8800

FAX: (713) 222-0843

DEAN PAMPHILIS
DIRECT DIAL (713) 220-8852
DIRECT FAX (713) 583-6006
DPAMPHILIS@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

**MEMO ENDORSED**

Leave to file a Second Amended Complaint is GRANTED. Defendant's time to answer or move with respect to the Second Amended Complaint is extended to 14 days following a decision on the motion to dismiss the Third, Fourth, Fifth, Sixth and Eighth claims of the First Amended Complaint.
SO ORDERED
[signature] USDJ
2-13-18

January 24, 2018

*Via ECF and Hand Delivery*
The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

Re:   *Presnall et al. v. Analogic Corp., et al.*, Case No. 17 cv 06662 (PKC); Request for Leave to Amend

Dear Judge Castel:

Pursuant to the Court's Scheduling Order setting the briefing schedule on Defendants' partial Motion to Dismiss Plaintiffs' First Amended Complaint, dated November 3, 2017, (ECF No. 33), Plaintiffs, pursuant to Rule 15(a)(2), hereby seek leave to file their Second Amended Complaint, attached hereto in redline form as Exhibit 1, in order to allege claims for breach of contract and declaratory judgment which first arose on January 5, 2018. The Court's Order requires any such requests be made within 21 days from Defendants' filing of their motion to dismiss, or January 26, 2018. This request is therefore timely.[1]

Plaintiffs' new claims arose on January 5, 2018, when one day prior to the deadline for the release to plaintiffs of $1 million from funds held in escrow, Analogic made unsubstantiated indemnity claims for the first time and refused to execute a joint written instruction for the release of the $1 million which remained in it. Though the general facts and circumstances closely relate to the above-filed action, these new claims center on the breach of a contractual Escrow Agreement attached to and executed by Plaintiffs and Defendant Analogic Corporation ("Analogic") contemporaneously with the Merger Agreement, which is at the center of the claims already asserted in this lawsuit.

Analogic's conduct constitutes a clear breach of the Merger Agreement and Escrow Agreement. First, it refuses to sign the joint instruction to release the escrow funds because it claims it is entitled to indemnity for the same fraud that is the subject of this lawsuit. Stated

---

[1] Plaintiffs are preparing a response to Defendants' partial Motion to Dismiss (ECF Nos. 37) which will be filed by the January 26, 2018 deadline.

KASOWITZ BENSON TORRES LLP

The Honorable P. Kevin Castel
January 24, 2018
Page 2

differently, *Analogic claims Plaintiffs owe it indemnity for the fraud it committed against Plaintiffs*. Although Analogic is not, as a matter of law, entitled to indemnity for its own intentional wrongdoing, Analogic's breach of contract for using this pretext to deny the Plaintiffs access to escrow funds should be part of this lawsuit.

Second, Analogic contends that, despite its pre-contract review of all Oncura contracts, two outside accounting audits of Oncura and their agreement to the final closing adjustment for Oncura's financial statements four months after the merger, there were undisclosed liabilities in the form of unpaid residual lease guarantees for ultrasound equipment leases for which they now seek indemnity. However, Analogic claims that it has only spent $77,000 satisfying the guarantees which is below the contractual threshold for indemnity of $120,000. Analogic's breach of conduct for wrongfully holding up $1 million in escrow funds over what is, at best, a dispute over $77,000 is a breach of both the Escrow and Merger Agreement which should be part of this lawsuit.

Plaintiffs have demanded the Analogic execute the joint instruction to release the remaining escrow funds to Plaintiffs in accordance with the Escrow Agreement. However, Analogic has refused to comply and the release of the escrow funds is now overdue.

Plaintiffs respectfully request leave to file the Second Amended Complaint attached hereto in redline based on the dispute described above.[2] Rule 15 provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005). Though district courts have discretion in reviewing requests for leave for good reason, motions for leave to amend should only be denied for reasons of futility, bad faith or dilatory motive, undue delay, or if the opposing party will suffer undue prejudice. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608 (PKC) (JCF), 2014 WL 113728, at *1 (S.D.N.Y. Jan. 13, 2014). Defendants have indicated that they oppose Plaintiffs' request on the basis of futility.

Courts may deny a motion to amend as futile only where no colorable grounds exist to support the proposed claim; if it sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment. *Allison v. Clos-ette Too, LLC*, 14-CIV-1618 (LAK) (JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015). Plaintiffs intend to plead that the Merger Agreement and Escrow Agreement are both valid contracts and that Plaintiffs have performed all obligations thereunder. Analogic's refusal to issue a joint written instruction for the release of the escrow funds breached various provisions of those agreements, resulting in Plaintiffs' suffering damages. In any event, and in opposing this

---

[2] Because the proposed Second Amended Complaint proposes to add events and occurrences which have transpired since the date of the First Amended Complaint, this request for leave may also properly be categorized as a request for leave to supplement under Rule 15(d). *See Katzman v Sessions*, 156 F.R.D. 35, 37-38 (E.D.N.Y. 1994). If the Court so chooses to view this request as one under Rule 15(d), the standard for the court's exercise of discretion is identical to that under Rule 15(a). *Id*

KASOWITZ BENSON TORRES LLP

The Honorable P. Kevin Castel
January 24, 2018
Page 3

request, should Analogic disagree that it committed a breach at all, those arguments go to the heart of the dispute and cannot be considered on a motion for leave. *See Cinelli v. Oppenheim-Ephratah Cent. Sch. Dist.*, No. 07-CIV-235 (DNH) (GJD), 2008 WL 111174, at *1 (N.D.N.Y.) ("When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment.").

\*   \*   \*

For the reasons set forth above, Plaintiffs respectfully request that the Court grant them leave to file their proposed Second Amended Complaint. To assist in the Court's consideration of Plaintiffs' request, Plaintiffs have attached hereto their proposed Second Amended Complaint, in redline form, as Exhibit 1, Analogic's January 5, 2018 correspondence necessitating the same, as Exhibit 2, and Plaintiffs' January 11, 2018 correspondence responding to Analogic's January 5, 2018 correspondence, as Exhibit 3.

Thank you for your attention to this matter.

Respectfully Submitted,

/s/ Constantine Z. Pamphilis
Constantine Z. Pamphilis

cc:   Hallie Levin (via e-mail)