Carter, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG PRESNALL, BRIAN HUBER, JEFF RUSHING, BRYAN SANDERS, as Trustee of the 2012 Sanders Trust, WILLIAM McCUTCHEN, DELANO VINCE VINCENT, DAVID WILTGEN, NICOLAS KYRIAZIS, HELEN KYRIAZIS, JOHN KEITH TAYLOR, PERAN JED FORD, GARY THOMPSON, JANIE HODGES, WILLIAM CLAXTON, JONATHAN, BRUCE TURNER, JEAN BORDELON, THOMAS HAAS, BENJAMIN SWEERS, PATRICK OGNOWSKI, KEVIN KNIGHT, DON BOOK, GARY MASSINGILL, WILLIAM MARCINIAK, BARRY BENTLE, and KEN SANDERS,

Plaintiffs,

v.

ANALOGIC CORPORATION and ONCURA PARTNERS DIAGNOSTICS, LLC,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-2-18

No. 17 Civ. 06662 (PKC)

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, as follows:

1. For the purposes of this Stipulation and Protective Order (the "ORDER"), "DISCOVERY MATERIAL" shall include all written, recorded, or graphic material in any form or medium, and any information or data contained therein, disclosed or produced to any party in connection with this action in discovery or at trial and any other information that either party or any third party (herein referred to as the "Designating Party") discloses to another party (herein

referred to as the "Receiving Party"). DISCOVERY MATERIAL includes, without limitation, all items enumerated in Rule 26(a) and Rule 34(a) of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and deposition testimony, transcripts, and exhibits. DISCOVERY MATERIAL does not include publicly available documents.

2. All persons obtaining access to DISCOVERY MATERIAL shall use such material only in connection with this action, including preparation, settlement, trial, appeal, retrial, and enforcement of any judgment, and shall not use any DISCOVERY MATERIAL for any other purpose. In no event shall any person receiving access to a Designating Party's DISCOVERY MATERIAL on behalf of a Receiving Party use it for commercial or competitive purposes or make any public disclosure (other than as permitted in connection with this action) of the contents thereof. This Order shall not govern the use or disclosure by a party or other person of its own DISCOVERY MATERIAL.

3. The term "PROTECTED INFORMATION" shall mean information as described in ¶ 1 above that is designated by a Designating Party as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.

4. The term "CONFIDENTIAL" shall refer to and include information that the Designating Party in good faith believes is subject to protection under Fed. R. Civ. P. 26(c) as containing a trade secret or other proprietary or confidential business, technical, commercial or financial information as used by the Designating Party in, or pertaining to, its business, which material is not publicly known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

5. The term "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall refer to and include CONFIDENTIAL information that the Designating Party deems to constitute especially sensitive financial information, licensing information, or technical information proprietary to Analogic and/or any of its subsidiaries, the disclosure of which is likely to cause significant harm to the competitive position of the Designating Party.

6. PROTECTED INFORMATION shall be designated and marked as follows:

(a) *Documents and things:* All documents and things produced in this litigation may be designated as PROTECTED INFORMATION by placing the following legend, or an equivalent thereof, on any such document or thing prior to production, service, or filing: "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Where feasible, such legend shall be placed upon each page or thing containing PROTECTED INFORMATION, including each page of a TIFF image.

(b) *Magnetic/Optical Media Documents:* Where PROTECTED INFORMATION is produced in a machine-readable format or on magnetic or optical media (such as floppy diskette, tape, hard drive, DVD, CD-ROM, or digital memory), the disk, cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in ¶ 6(a) above. To the extent any of the information or data contained in or on such media is printed by the Receiving Party, all such printouts shall be marked as described in ¶ 6(a) above by the Receiving Party and shall be maintained as provided in ¶ 10 below.

(c) *Physical Exhibits:* The confidential status of PROTECTED INFORMATION in a physical exhibit shall be indicated by placing a label on said physical exhibit designating it "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(d) *Deposition Proceedings:* Designations of portions, or the entirety, of deposition transcripts (including exhibits) as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within ten (10) business days after counsel's receipt of the transcript. Upon designation of the transcript on the record during the deposition, only those persons allowed to have access to said CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information under the terms of this Order may remain in the room during such portion of the deposition. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Order.

(e) During the first ten (10) business days after counsel's receipt of the transcripts, each deposition transcript shall be treated as CONFIDENTIAL under the terms of this Order unless a deposition exhibit is marked CONFIDENTIAL—ATTORNEYS' EYES ONLY or there is a statement on the record during the deposition marking part of it as CONFIDENTIAL-ATTORNEYS' EYES ONLY. With regard to designations made within ten (10) business days after receipt of the deposition transcript, counsel shall make such designations by sending written notice to the Court Reporter and to counsel for the parties. The notice shall reference this Order and identify the pages and/or exhibits so designated. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material therein and shall be governed by the terms of this Order.

7. Materials designated by a Designating Party as CONFIDENTIAL may be disclosed only to the following categories of persons who are acting for or on behalf of a Receiving Party and may only be reviewed and used in connection with this litigation:

(a) the parties to this action; and, with respect to corporate parties, to only those employees directly involved in the management or defense of this action;

(b) Wilmer Cutler Pickering Hale and Dorr LLP; Kasowitz Benson Torres LLP; and paralegals, legal assistants, clerical employees, and other professional personnel (including support staff) working under the supervision or control of such counsel ("Outside Counsel");

(c) In-house attorneys for the parties and legal assistants and clerical employees working under the supervision of such attorneys;

(d) expert(s) (whether testifying or non-testifying) retained by a party or counsel to the litigation so long as the expert has executed the Acknowledgement and Agreement to be bound by the terms of this Order in the form attached hereto as Exhibit B.

(e) any actual or prospective person giving deposition testimony (and, for a nonparty, that nonparty's counsel) in connection with his or her preparation to testify in this action, except that such person may not retain any such designated information, and only if such person is (i) an individual who has had or who is eligible to have access to the PROTECTED INFORMATION by virtue of his or her past or current employment with the Designating Party, (ii) an individual identified in the PROTECTED INFORMATION as the author, addressee, or copy recipient of such information, or (iii) an individual, although not identified as the author, addressee, or copy recipient of such PROTECTED INFORMATION, who has, in the ordinary course of business, seen such PROTECTED INFORMATION;

(f) the Court in this proceeding and Court personnel; and

(g) vendors retained to assist in the ligation by an attorney described in sub-paragraph (b) of this paragraph including, but not limited to independent document copiers, electronic discovery consultants, graphic artists, and jury or trial consultants so long as a representative of the vendor has executed the Acknowledgement and Agreement to be bound by the terms of this Order in the form attached hereto as Exhibit A.

8. Materials designated CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed only to the persons described in ¶¶ 7(b)-(g). With respect to material designated CONFIDENTIAL—ATTORNEYS' EYES ONLY by any Designating Party other than Plaintiffs named herein, William McCutchen is permitted to view material so designated if he signs the Acknowledgement and Agreement annexed hereto as Exhibit A and agrees not to disclose or discuss any materials so designated with any Plaintiff named herein.

9. Where the consent of a Designating Party is required for disclosure under this Order and that consent has been refused, the Designating Party refusing to consent will ensure that it has made a good faith attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever possible.

10. Each person described in ¶¶ 7(d) and (g), to whom PROTECTED INFORMATION is to be made available shall be provided with a copy of this Order and shall first acknowledge in writing that they have reviewed the terms of this Order by executing the ACKNOWLEDGMENT AND AGREEMENT ("ACKNOWLEDGMENT(S)") annexed hereto as Exhibit A or Exhibit B, as applicable. Such signed ACKNOWLEDGMENT(S) shall be retained by counsel for the parties hereto and shall be available for inspection by the Court upon request. Similar acknowledgments shall be obtained and maintained with respect to PROTECTED INFORMATION materials provided by third parties. The persons receiving

materials designated PROTECTED INFORMATION are enjoined from disclosing such materials, or information contained therein, to any person, except in conformance with this Order.

11. Each individual who receives any materials designated as PROTECTED INFORMATION hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performances under, compliance with, or violations of this Order.

12. A Receiving Party shall not make any PROTECTED INFORMATION available to any person except as authorized under this Order. Nothing contained in this Order shall affect the right of the Designating Party to de-designate information previously designated as CONFIDENTIAL, provided notice of such a decision is promptly communicated to the Receiving Party.

13. Protests of the designation of PROTECTED INFORMATION will occur only as follows:

(a) If a Receiving Party believes that material designated PROTECTED INFORMATION by the Designating Party should not have been so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Order, then such Receiving Party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis.

(b) If the parties are unable to resolve their dispute within 7 days of the Receiving Party's written notice of disagreement, then the Receiving Party challenging the designation may request appropriate relief from the Court. It shall be the burden of the Designating Party to

establish that the contested material is properly designated under this Order. In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

14. In the event anyone shall violate or threaten to violate the terms of this order, the parties agree that the aggrieved party may immediately ask the Court for injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

15. Inadvertent Disclosures.

(a) If a Designating Party inadvertently discloses to a Receiving Party any PROTECTED INFORMATION without designating it as PROTECTED INFORMATION, the Designating Party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the Receiving Party shall thereafter treat the document, thing, or information as PROTECTED INFORMATION under this Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Order, the Receiving Party shall make reasonable efforts to retrieve the PROTECTED INFORMATION promptly from such persons and to limit any further disclosure to non-authorized persons.

(b) If a Designating Party inadvertently discloses to a Receiving Party information that is privileged, protected under the work-product doctrine, or otherwise immune from

discovery, said Designating Party producing said information shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return such inadvertently produced item or items of information and all copies thereof within five (5) business days of receiving a written request for the return of such item or items of information. Furthermore, if a Receiving Party discovers that a Designating Party has disclosed information that appears to be privileged, protected under the work-product doctrine, or otherwise immune from discovery, the Receiving Party shall promptly upon discovery of such disclosure so advise the Designating Party in writing and return the information and all copies thereof within five (5) business days thereafter. The Receiving Party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of such documents in accordance with the Federal Rules of Civil Procedure.

16. Submissions of PROTECTED INFORMATION to the Court shall only be as follows:

(a) Subject to sub-paragraph (c) below, any party who lodges or files any paper, pleading, or exhibit containing, discussing, describing, or constituting PROTECTED INFORMATION shall state on the first page of the paper, pleading, or exhibit containing such PROTECTED INFORMATION that it contains PROTECTED INFORMATION and is submitted under seal. All documents or papers filed in opposition or reply to any sealed motion or document, which opposition or reply discusses, describes, or quotes any portion of the contents of such sealed motion or document, shall itself be filed under seal. All documents,

exhibits, or papers filed in connection with any proceedings related to compliance with, performance under, construction of, or violation of this Order shall be filed under seal.

(b) Papers, pleadings, or exhibits shall be filed under seal in accordance with Section 6 of the Southern District of New York Electronic Case Filing Rules & Instructions.

(c) Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

(d) If, pursuant to court order or applicable local rule, the deadline for any filing is 14 days or less, the parties will be deemed in compliance with the advance notice provision in sub-paragraph (c) of this Paragraph 16 by submitting notice to the opposing party, on the date of such filing, that it seeks to file the opposing party's confidential information by specifying the precise portion of the information the party seeks to use and the general purpose thereof. Within (7)

days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. If notice is provided pursuant to this sub-paragraph (d), the party providing notice is permitted to submit their filing along with documents referred to therein with redactions to all confidential information during the pendency of the opposing party's application to seal such confidential information.

(e) If an application to seal submitted to the court under sub-paragraph (c) or of this Paragraph 16 is not ruled on before a party is required to submit a filing, the filing party is permitted to redact confidential information from such filing and all documents referred to therein during the pendency of the opposing party's application to seal such confidential information.

17. This Order is intended to regulate the handling of DISCOVERY MATERIAL and PROTECTED INFORMATION during the pretrial period of this litigation, but shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties hereto or by order of the Court. Each party hereto reserves the right to apply to the Court to modify the terms of this Order in the event that the party reasonably believes that it is necessary. In the event such application is made, all persons described herein shall be bound by this Order until it is modified by the Court. Any amendment to this Order shall be reduced to writing.

18. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections. Nothing stated herein shall affect the rights that any party may have under the Agreement and Plan of Merger by and among Analogic; FTO

MergerSub, LLC, a Texas limited liability company and wholly owned subsidiary of Analogic; Oncura Partners; the Principal Sellers named on Schedule 9.2 of the Agreement; and, the Seller Representative, Craig Presnall, dated January 5, 2016.

19. None of the restrictions set forth in this Order shall apply to any information which: (1) has been lawfully obtained by a party before this Order is entered; (2) was independently developed by the Receiving Party; (3) is acquired in good faith from a party who has the right to make such disclosure and was not required to hold such information in confidence; or (4) was, is, or becomes public knowledge by means not in violation of the provisions of this Order, and not involving wrongful disclosure by a third party or a party to this action.

20. All provisions of this Order restricting the communication or use of PROTECTED INFORMATION shall continue to be binding after the conclusion of the litigation (including any appellate review), until a designating party agrees otherwise in writing or a court order otherwise directs. Upon conclusion of the litigation, a party in the possession of PROTECTED INFORMATION, other than that which is contained in pleadings, correspondence, motion papers, deposition/trial transcripts, and deposition/trial exhibits, shall either: (a) return such matter no later than sixty (60) days after conclusion of the litigation to counsel for the producing party; or (b) destroy such matter and certify in writing within sixty (60) days that the matter has been destroyed. If a subpoena or other compulsory process is received by Outside Counsel requesting such PROTECTED INFORMATION, Outside Counsel retaining the PROTECTED INFORMATION shall object to the production of the PROTECTED INFORMATION based on the obligations of non-disclosure under this Order, and shall notify

the Designating Party so that party may intervene if it so chooses and seek protection of its PROTECTED INFORMATION in the forum that issued the compulsory process.

21. This Order shall be governed and construed in accordance with the laws of the State of New York.

22. This Order may be executed in any number of counterparts and shall constitute one agreement binding upon all parties thereto as if all parties signed the same document. Facsimile signatures shall be treated as originals for all purposes.

23. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate.

Dated: New York, New York
March 1, 2018

KASOWITZ BENSON TORRES LLP

Constantine Z. Pamphilis (dpamphilis@kasowitz.com)
Micah A. Grodin (mgrodin@kasowitz.com)
Nathan W. Richardson (nrichardson@kasowitz.com)
*Admitted Pro Hac Vice*
1415 Louisiana Street, Suite 2100
Houston, Texas 77002
Tel: (713) 220-8800
Fax: (713) 222-0843

Albert Shemmy Mishaan (amishaan@kasowitz.com)
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Plaintiffs*

WILMER CUTLER PICKERING HALE AND DORR LLP

Hallie B. Levin (hallie.levin@wilmerhale.com)
Fiona J. Kaye (fiona.kaye@wilmerhale.com)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Defendants*

SO ORDERED:

3-2-18

United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG PRESNALL, BRIAN HUBER, JEFF RUSHING, BRYAN SANDERS, as Trustee of the 2012 Sanders Trust, WILLIAM McCUTCHEN, DELANO VINCE VINCENT, DAVID WILTGEN, NICOLAS KYRIAZIS, HELEN KYRIAZIS, JOHN KEITH TAYLOR, PERAN JED FORD, GARY THOMPSON, JANIE HODGES, WILLIAM CLAXTON, JONATHAN, BRUCE TURNER, JEAN BORDELON, THOMAS HAAS, BENJAMIN SWEERS, PATRICK OGNOWSKI, KEVIN KNIGHT, DON BOOK, GARY MASSINGILL, WILLIAM MARCINIAK, BARRY BENTLE, and KEN SANDERS,

Plaintiffs,

v.

ANALOGIC CORPORATION and ONCURA PARTNERS DIAGNOSTICS, LLC,

Defendants.

No. 17 Civ. 06662 (PKC)

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND SEALING ORDER**

I,__________________, have been requested to assist in matters requiring the disclosure of certain material which I have been informed is DISCOVERY MATERIAL and PROTECTED INFORMATION within the terms of the Confidentiality Stipulation and Sealing Order (the "Order") issued by the Court in the above-captioned action.

I have read and agree to be bound by the terms of the Order entered in this action, and I agree not to disclose any information designated as DISCOVERY MATERIAL and PROTECTED INFORMATION and not to use such information other than in connection with the above-captioned action.

I hereby agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the undertakings I have made here, and understand that disclosure of DISCOVERY MATERIAL and PROTECTED INFORMATION as defined in the Order may be punished as contempt of court.

__________________________________

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG PRESNALL, BRIAN HUBER, JEFF RUSHING, BRYAN SANDERS, as Trustee of the 2012 Sanders Trust, WILLIAM McCUTCHEN, DELANO VINCE VINCENT, DAVID WILTGEN, NICOLAS KYRIAZIS, HELEN KYRIAZIS, JOHN KEITH TAYLOR, PERAN JED FORD, GARY THOMPSON, JANIE HODGES, WILLIAM CLAXTON, JONATHAN, BRUCE TURNER, JEAN BORDELON, THOMAS HAAS, BENJAMIN SWEERS, PATRICK OGNOWSKI, KEVIN KNIGHT, DON BOOK, GARY MASSINGILL, WILLIAM MARCINIAK, BARRY BENTLE, and KEN SANDERS,

Plaintiffs,

v.

ANALOGIC CORPORATION and ONCURA PARTNERS DIAGNOSTICS, LLC,

Defendants.

No. 17 Civ. 06662 (PKC)

**EXHIBIT B**

**ACKNOWLEDGMENT AND AGREEMENT OF EXPERTS TO BE BOUND BY THE TERMS OF THE PROTECTIVE ORDER**

I,____________________, have been requested to assist counsel in matters requiring the disclosure of certain material which I have been informed is PROTECTED INFORMATION within the terms of the Protective Order issued by the Court in the above- captioned action.

I have read and agree to be bound by the terms of the Protective Order entered in this action, and I agree not to disclose any information designated as PROTECTED INFORMATION and not to use such information other than in assisting counsel for_____________.

I shall not use nor disclose any PROTECTED INFORMATION to others, except for purposes of providing my assistance in this action and then solely in accordance with the Order. Nothing in this Acknowledgement and Agreement shall prevent me from using otherwise legally obtained information. I also understand that, in the event that I fail to abide by the terms of this Acknowledgement and Agreement or the Order, I shall be subject to sanctions by way of contempt of court, and to separate legal and equitable recourse by the adversely affected Designating Party.

Furthermore, I shall not disclose or reveal any confidential password or information given to me in connection with being provided access to PROTECTED INFORMATION under the terms of the Order.

I hereby agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the undertakings I have made here.

____________________________________